Caroline Mitchell  #143124
Sarah Hamilton  # 238819
Elaine Wallace  # 197882
Jessica Repa # 240801
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700
cnmitchell@jonesday.com
skhamilton@jonesday.com
ewallace@jonesday.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK M. MCCOLLUM, et al., | Case No. C 04-3339 CRB (EDL) |
| Plaintiffs, | **CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER AMENDED** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

WHEREAS, the parties are exchanging materials pursuant to discovery requests and in accordance with their obligations under the Federal Rules of Civil Procedure; and

WHEREAS, those discovery materials may contain information of a personal or confidential nature;

IT IS THEREFORE ORDERED THAT:

1.     This protective order ("Protective Order") shall govern the production and disclosure of information and documents sought through discovery and the pretrial process.  This Protective Order is not intended to govern at trial.  The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" pursuant to this Protective Order at any trial and upon any appeal of this case.

2.     For purposes of this Protective Order, "Discovery Materials" shall include all documents produced pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, interrogatory responses, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials. Discovery Materials shall be used for the prosecution and defense of this action only.

3.     Except to the extent expressed herein, this Protective Order shall not abrogate or diminish any privilege, any contractual, statutory, or other legal obligation, or any right of any party with respect to Discovery Materials.

4.     Any party may identify any Discovery Materials it deems to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure by designating such Discovery Materials as "CONFIDENTIAL."  Any such designation shall be made in good faith. Discovery Materials so designated shall be marked "CONFIDENTIAL."  Discovery Materials produced prior to the date on which this Protective Order is signed by the parties may be designated "CONFIDENTIAL" retroactively by written notice by the party making the designation to all other parties.  The written notice shall identify Discovery Materials so designated by Bates number or, if no Bates numbers apply, with sufficient specificity that it will be clear to the other parties which Discovery Materials are subject to the Protective Order.

5.      In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL" pursuant to paragraph 4, above.  The producing party shall have two weeks from the date of inspection to mark documents "CONFIDENTIAL."  Deposition transcript pages may be designated "CONFIDENTIAL" within two weeks of receipt of the transcript, and shall be deemed to have been designated "CONFIDENTIAL" in their entirety until those two weeks have elapsed. Testimony may also be designated on the record of any deposition as "CONFIDENTIAL."

6.      Access to Discovery Materials designated "CONFIDENTIAL" shall be restricted as follows:

(a)      "CONFIDENTIAL" Discovery Materials and all information extracted from them shall be used solely for the purposes of prosecuting or defending this action, and for no other purpose.

(b)      Counsel for each party shall restrict access to "CONFIDENTIAL" Discovery Materials produced by any other party by limiting the dissemination of such material to attorneys who are members or associates of the law firms or California state agencies listed on the pleadings and who have a need to access those Discovery Materials in the prosecution or defense of this action ("Counsel of Record").  Any and all further disclosure of "CONFIDENTIAL" Discovery Materials shall be governed by the provisions of subparagraphs (c)-(g) and paragraphs 7 and 9, below.

(c)      No copies, extracts or summaries of any "CONFIDENTIAL" Discovery Materials produced by another party shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

1    (d)    Counsel of Record may allow access to "CONFIDENTIAL"

2  Discovery Materials produced by another party to consultants or witnesses, including consultants

3  designated to testify as expert witnesses, provided that any such consultant or witness shall first

4  be provided with a copy of this Protective Order and shall execute an undertaking in the form

5  annexed hereto as Exhibit A.  Consultants are hereby specifically advised that their written work

6  product which contains or discloses the substance of "CONFIDENTIAL" Discovery Materials is

7  subject to all the provisions of this Protective Order.  Counsel of Record disclosing

8  "CONFIDENTIAL" Discovery Materials to consultants shall be responsible for obtaining the

9  executed undertaking in advance of such disclosure and also shall retain the original executed

10  copy of said undertaking.

11    (e)    During depositions, Counsel of Record may question any witness

12  about "CONFIDENTIAL" Discovery Materials.  Any "CONFIDENTIAL" document so referred

13  to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion

14  thereof, shall be attached to any publicly-available deposition or other transcript without the

15  written consent of the party that designated the document as "CONFIDENTIAL."  Portions of

16  deposition transcripts designated "CONFIDENTIAL" shall be so marked and

17  "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL" documents,

18  shall be bound under seal separately from the non-confidential portions of the transcript.

19    (f)    In the event that any "CONFIDENTIAL" Discovery Materials are

20  attached to, or quoted or summarized in, any pleadings, motion papers, or other papers filed with

21  this Court or any other court and said "CONFIDENTIAL" Discovery Materials would be

22  disclosed in any way therein, such Discovery Materials, pleadings or papers shall be filed under

23  seal in accordance with this Court's Civil Local Rules.  Copies of such documents containing

24  information subject to this Protective Order that are served on counsel for the parties shall be

25  similarly identified and shall be maintained as "CONFIDENTIAL" as described herein.

26    (g)    Any pleadings, motion papers, or other papers not filed under seal

27  shall have deleted therefrom all "CONFIDENTIAL" Discovery Materials and all portions of such

28  pleadings or papers that would disclose the substance of "CONFIDENTIAL" Discovery

1   Materials, provided, however, that any "CONFIDENTIAL" Discovery Materials served upon

2   Counsel of Record need not have said materials deleted therefrom.

3         7.     Should Counsel of Record for any party wish to disclose any "CONFIDENTIAL"

4   Discovery Materials produced by another party to a person not authorized by this Protective

5   Order to review such "CONFIDENTIAL" Discovery Materials, said counsel shall first provide

6   counsel for the producing party with a short statement of the reason for the proposed disclosure

7   and the name, address and business or professional affiliation and title (e.g., officer, director, etc.)

8   of such person, by written notice, delivered by hand or by fax, at least ten days prior to the

9   proposed disclosure.  If counsel for the producing party objects to the disclosure within the ten-

10  day period, then the party requesting consent shall not proceed with the proposed disclosure, the

11  parties shall engage in good faith efforts to resolve the matter informally and, if those efforts

12  should fail, the party requesting consent may file with the Court an application or motion seeking

13  authorization to make the proposed disclosure pursuant to paragraph 9 below.

14        8.     The disclosure of any Discovery Materials pursuant to the terms of this Protective

15  Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment

16  of any confidentiality claim as to said Discovery Materials, including constitutional or statutory

17  rights to privacy, or as a waiver of any claim that the information disclosed is a trade secret or is

18  proprietary.

19        9.     If any dispute arises concerning whether information designated as

20  "CONFIDENTIAL" should in fact be considered "CONFIDENTIAL" for purposes of this

21  Protective Order, then the parties shall try first to resolve such dispute in good faith on an

22  informal basis.  If the dispute cannot be so resolved, the party who has objected to the designation

23  of the information as "CONFIDENTIAL" shall give written notice that such informal attempts

24  have failed.  After the other party's receipt of such notice, the objecting party may file a motion

25  asking the Court to resolve the issue.  On such a motion, the party asserting confidentiality shall

26  have the burden of proving that the "CONFIDENTIAL" information is entitled to protection

27  under this Protective Order.  Prior to the determination of such motion, the disputed information

28  shall be treated by the parties as "CONFIDENTIAL."  If such motion is granted and five days

have passed after entry of an order granting the motion, then the party may proceed with the proposed disclosure in accordance with that order.

10. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefor:

(a) Unless otherwise agreed, counsel for each party shall return all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material. Upon request by Counsel of Record for the producing party, a certification of such destruction, under penalty of perjury, must be made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials; and

(b) The Clerk of the Court shall, upon request of a party that produced any "CONFIDENTIAL" Discovery Materials, return to such party all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order. As to those documents or things containing such information which cannot be so returned, they shall continue to be kept under seal and shall not be examined by any person without a prior Court order issued after due notice to all parties, or a written stipulation of counsel for all parties.

11. Nothing contained in this Protective Order shall preclude any party from seeking or obtaining, upon an appropriate showing, additional protection with respect to any documents, information, or other Discovery Materials or trade secrets. Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Federal Rules of Civil Procedure.

12. After notice and an opportunity to respond has been given to all Counsel of Record, the Court may modify this Protective Order as the interests of justice require, and the Court may consider any dispute which may arise hereunder upon motion of any party.

13. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation or by Court order. Insofar as they restrict the disclosure, treatment, or

1   use of information subject to this Protective Order, the provisions of this Protective Order shall

2   continue to be binding after the termination of this action, unless the Court orders otherwise.

3       14.   The parties shall follow the procedures set forth in Local Rule 79-5 for filing
        confidential documents under seal.

4   DATED:  April 2, 2007

5                                           JONES DAY

6
                                            By: _____
7                                               Jessica Repa

8                                               Attorneys for Plaintiffs

9
    DATED:  April 2, 2007                    OFFICE OF ATTORNEY GENERAL, STATE OF
10                                           CALIFORNIA

11                                           By: _____
                                                Bonnie Chen
12                                              Deputy Attorney General

13                                              Attorneys for Defendants

14

15  PURSUANT TO STIPULATION, IT IS SO ORDERED.

16
    DATED:  ____April 3_____, 2007
17

18
                                            IT IS SO ORDERED
19                                          AS MODIFIED
    The H__                                 Elizabeth D. Laporte
    Unit__
20                                          Judge Elizabeth D. Laporte

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### AGREEMENT TO BE BOUND BY THE
### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

In consideration of receiving access to Discovery Materials marked "Confidential" pursuant to the Confidentiality Stipulation and Protective Order, the undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Protective Order entered into on behalf of the parties to *Patrick M. McCollum, et al. v. California Department of Corrections and Rehabilitation, et al.*, Case No. CIV C-04-3339 CRB EDL, filed in the United States District Court, Northern District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; that he or she agrees to be bound by all provisions of the Confidentiality Stipulation and Protective Order; and that the undersigned agrees to be subject to the jurisdiction of the Court in this action with respect to any alleged violation of this agreement and the Confidentiality Stipulation and Protective Order.

_____          _____
                Date                                                    Signature

                                                          _____
                                                                Printed Name of Signatory