Caroline Mitchell  #143124
Elaine Wallace  # 197882
Sarah Hamilton  # 238819
Jessica Repa # 240801
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700
cnmitchell@jonesday.com
ewallace@jonesday.com
skhamilton@jonesday.com
jlrepa@jonesday.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK M. MCCOLLUM, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | Case No. C 04-3339 CRB (EDL)<br><br>**STIPULATED [PROPOSED] ORDER ON PLAINTIFFS' MOTION TO COMPEL RESPONSES TO EXHAUSTION DISCOVERY AND FOR AN ORDER TO PRESERVE RELEVANT DOCUMENTS**<br><br>Hearing Date:   June 6, 2007<br>Time:              9:00 am<br>Courtroom:     Courtroom E, 15th Floor<br>Judge:            Hon. Elizabeth D. Laporte |

Having considered Defendants' Motion to Compel Responses to Exhaustion Discovery and For an Order to Preserve Relevant Documents, the papers submitted by the parties, and the arguments of counsel relating thereto, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the motion and orders as follows:

**A. Document Preservation and Destruction.**

1. By July 6, 2007, Defendants' counsel shall submit a declaration to the Court describing the efforts they have taken to investigate whether documents relevant to this litigation have been destroyed and the results of that investigation.

2. With respect to inmate appeals purged by the Inmate Appeals Branch ("IAB") in 2004, 2005, or 2006, Defendants shall search the IAB's electronic records of exhausted appeals to identify potentially relevant Form 602 records that were purged. Plaintiffs shall have until June 25, 2007 to provide a list composed of a reasonable number of search terms to be used to run the searches, which shall include terms specific to Wiccan/Pagan religions as well as general terms such as "religion," "religious," and "chaplain." Defendants shall have until August 24, 2007 to complete the searches and provide Plaintiffs copies of the Director's Level Appeal Decision letters which pertain to Wiccan-Pagan inmates or inmates whose religion cannot be determined from the letter. Defendants are not required at this time to produce letters which clearly pertain to inmates of one of the Five Faiths (i.e. Protestantism, Catholicism, Judaism, Islam, and Native American).

3. With respect to inmate appeals purged by the IAB in 2003, the parties shall have until June 25, 2007 to meet and confer and reach a stipulation as to whether Defendants must include them in the searches described in No. 2 above. If the parties are unable to reach agreement on this issue, the parties shall submit a joint letter to the Court setting forth their respective positions.

4. By August 10, 2007, Defendants' counsel shall submit a declaration to the Court describing the efforts that Defendants and their counsel have taken to preserve documents relevant to this litigation. The declaration shall include, to the extent known, the following: (a) a list of the individuals to whom litigation hold notices or communications (collectively, "notices") have been sent; (b) the dates on which such notices were sent, from the earliest such notice through August 1, 2007; (c) a description of the steps taken, if any, by the recipients to disseminate and ensure compliance with the notices; and (d) any other steps taken by Defendants and/or their counsel to preserve relevant documents. In addition, Defendants shall have until August 10, 2007 to produce to Plaintiffs' counsel copies of all such notices, or submit them to the Court for *in camera* review, or incorporate into the declaration to be submitted to the Court pursuant to this paragraph all text from such notices that pertains to document preservation and all information indicating to whom the notices were sent and on which dates. The parties have stipulated, and the Court hereby orders, that Defendants' production of privileged information

pertaining to document preservation or destruction to Plaintiffs' counsel pursuant to this Order shall not be deemed a waiver of attorney-client privilege or the attorney work product doctrine, and that the notices and declaration shall not be admitted into evidence or otherwise used in this proceeding except for the purpose of discovery on, or litigation of, document preservation or destruction issues in this case, and that such information will not be disseminated to inmates by Plaintiff Patrick McCollum, Plaintiffs' counsel, or their agents.

**B. Discovery.**

1. By July 6, 2007, Defendants shall submit a declaration to the Court describing in detail their efforts to search for documents relevant to exhaustion.

2. By July 13, 2007, Defendants shall produce the following: (a) for each Inmate-Plaintiff, any Form 602s submitted subsequent to the filing of the lawsuit and prior to the filing of Plaintiffs' Motion to Compel that relate to religious accommodation and that were submitted at the same institution at which the Inmate-Plaintiff filed a Form 602 at issue in this action; (b) for each Inmate-Plaintiff Form 602 produced by Defendants in response to exhaustion discovery in this litigation or pursuant to this Order, the documents relating to the Form 602, such as correspondence, notes, memos, and formal and informal responses to the Form 602, including any Form 695s; and (c) for each institution at which these Form 602s were submitted, documents relating to the inmate appeals process at that institution, including documents relating to problems with the process and the extent to which policies and procedures were followed.  Defendants are not required in response to exhaustion discovery to produce any Form 602 records relating to any inmate not a named Plaintiff in this action.

3. Defendants will contact the individuals who signed the responses to the named Inmate-Plaintiffs' Form 602s to inquire who was involved in responding to those Form 602s and will provide that information to Plaintiffs.  Defendants will also determine whether any such individuals have any potentially relevant documents.  In addition, Plaintiffs will provide Defendants with the names of a reasonable number of individuals potentially involved with specific Form 602s so that Defendants can contact them regarding potentially relevant documents.

1		4. By June 25, 2007, the parties shall meet and confer and reach a stipulation regarding what discovery will be had relating to: (a) implementation of relief granted in response to the Inmate-Plaintiffs' religious accommodation appeals; and (b) Inmate-Plaintiff religious accommodation appeals filed subsequent to the Inmate-Plaintiff having been transferred from one institution to another. During this process, Plaintiffs shall provide Defendants with a list of the specific appeals to which these issues pertain. If the parties are unable to reach agreement on this issue, the parties shall submit a joint letter to the Court setting forth their respective positions.

		5. Following Defendants' production of documents pursuant to this Order, the parties shall meet and confer regarding whether any supplementation of Defendants' responses to Plaintiffs' interrogatories, requests for production, and requests for admissions relating to exhaustion is required.

		Except as specified above, the motion is DENIED.

		IT IS SO ORDERED.

Dated: June 25, 2007		By: _____
					The Honorable Elizabeth D. Laporte
					United States Magistrate District Judge

SFI-563902v2