IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK M. MCCOLLUM, et al., | No. C-04-03339 CRB (EDL) |
| Plaintiffs, | **ORDER RE: DISCOVERY DISPUTE** |
| v. | |
| C.D.C.R., et al., | |
| Defendants.                        / | |

The Court's June 25, 2007 Stipulation and Order states, *inter alia*:

> With respect to inmate appeals purged by the IAB in 2003, the parties shall have until June 25, 2007 to meet and confer and reach a stipulation as to whether Defendants must include them in the searches described in No. 2 above [search of IAB's electronic records of exhausted appeals to identify potentially relevant, but purged, Form 602s]. If the parties are unable to reach agreement on this issue, the parties shall submit a joint letter to the Court setting forth their respective positions.

June 25, 2007 Order at ¶ 3. Unable to reach agreement, on July 13, 2007 and July 16, 2007, the parties submitted separate letters setting forth their respective positions. The Court has reviewed the letters, and makes the following Order.

Given the broad scope of discovery pursuant to Federal Rule of Civil Procedure 26(b)(1), the Court cannot say that IAB's electronic records for 2003 would be irrelevant. Moreover, it may well have been foreseeable that preservation of documents from 2003 was required. Defendants received Plaintiff McCollum's discrimination claim from the DFEH in July 2003, yet the annual purge of IAB documents occurred in August or September 2003. Defendants primarily argue that they were not legally obligated to preserve IAB documents regarding inmates in 2003 because McCollum's DFEH claim was only related to employment discrimination. The employment discrimination

claim, however, related to McCollum's inability to obtain a paid chaplain position because of his faith, which in turn relates to inmates who allege that their religious rights were not protected, so the issues are somewhat intertwined. Indeed, it should not have been a surprise to Defendants that inmates eventually became Plaintiffs in this case. In addition, Defendants must search for documents from the years 2004 and 2005, as they agreed to do.

Defendants' obligation to search for documents with respect to all the years at issue, however, is conditioned on Plaintiffs substantially reducing the number of search terms. The June 25, 2007 Stipulation and Order permitted Plaintiffs to provide a "reasonable" number of terms; they provided 88. This is not a reasonable number, nor is 77 (the number of remaining search terms after Plaintiffs eliminated 11 terms). Moreover, search terms such as "services" or "vendor" are not reasonably calculated to discover relevant documents; Defendants note that a preliminary search for the term "services" yielded 3,000 hits including irrelevant hits for "food services," "mail service" and "canteen services." Plaintiffs shall reduce the number of search terms to 20, and avoid generic terms such as "services." If the results of the searches leave Plaintiffs with a well-founded belief that more responsive documents exist and could readily be found through additional search terms, they may move the Court for relief to designate a limited number of additional terms.

No later than July 31, 2007, Plaintiffs shall provide a revised list of search terms in accordance with this Order. Defendants shall complete the searches for all relevant years no later than September 28, 2007.

**IT IS SO ORDERED.**

Dated: July 24, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

2