IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK M. McCOLLUM, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____ / | No. C 04-03339 CRB<br><br>**ORDER RE:  MOTION TO DISMISS THE INMATES' CLAIMS** |

Now pending before the Court is defendants' motion to dismiss the inmate plaintiffs' claims. After carefully considering the parties' papers, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS in part and DENIES in part defendants' motion to dismiss.

## DISCUSSION

**A.    Failure to exhaust administrative remedies**

The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is not left to the discretion of the district court. Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. at 2383. Even when the relief sought cannot be

granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  Id.   Finally, the mandatory exhaustion of available administrative remedies is not limited to suits under section 1983, but to any suit challenging prison conditions.  Id. (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

Defendants contend that none of the inmates exhausted a claim that challenges the "the Five State-Sanctioned Faiths Policy," that is, that challenges the decision of the California Department of Corrections ("CDC") not to pay for a Wiccan chaplain although it pays for chaplains for five other faiths.  Plaintiffs respond that four of the exhausted grievances (involving two of the inmate plaintiffs) encompass their challenge to the State's policy of only paying for chaplains for certain religions.

"In determining whether a claim has been exhausted, a court must consider whether a reasonable investigation of the complaint would have uncovered the allegations now before it."  Tillis v. Lamarque, 2006 U.S. Dist. Lexis 14624, at *19 (N.D. Cal. March 8, 2006). Plaintiffs identify the following four grievances as having exhausted the "Hiring Policy" claim: Declaration of Bonnie Chen, Exh. D at 4; Exh. E at 1, 3; Exh. P at 1; and Exh. Q at 2. None of these grievances challenge the Five State-Sanctioned Faiths Policy.

Scott Collins' grievance (Exh. E) complains that Wiccans are denied the right to practice their religion, sacred land outdoors, and possession of religious items.  The CDC's response to this grievance, Exh. E at p. 3, demonstrates that Collins explained further that his grievance is that Reverend McCollum is not allowed into East Block to provide pagan religious services to condemned inmates.  The CDC responded that McCollum is not allowed because he does not have a security clearance.  This grievance encompasses inmate access to Wiccan ministers, but it cannot reasonably be interpreted as making a claim that the CDC's Five State-Sanctioned Faiths Policy is unconstitutional.

Inmate Jensen's grievance (Exh. P) complains generally that inmates housed in administrative segregation who adhere to "non-conventional" religious beliefs are being denied access to religious materials and guidance.  Jensen specifically asked for access to

Reverend McCollum. Again, this grievance does not even hint of a complaint about the Five State-Sanctioned Faiths Policy.

Another grievance by inmate Jensen (Exh. O) asks that inmates who adhere to non-conventional religious beliefs be afforded the same opportunities as those who adhere to conventional beliefs, that is, he wants the same ability to practice his religious beliefs. This, too, is not a complaint about the Five State-Sanctioned Faiths Policy, but is instead a complaint about his ability to practice his religious beliefs.

Another Scott Collins grievance (Exh. D) complains that while he was at a non-CDC hospital being treated for a life threatening medical condition, he requested visitation of Wiccan clergy. He contends that he was denied the visit because his chaplain is not a regular, paid chaplain at San Quentin. This, too, cannot reasonably be read as challenging as unconstitutional the Five State-Sanctioned Faiths Policy; rather, Collins wants access to a Wiccan chaplain, whether paid or not. Moreover, this complaint was but a small part of a larger grievance complaining about his medical treatment.

In sum, no inmate has exhausted a challenge to the Five State-Sanctioned Faiths Policy. As a result, the inmates' facial and as applied Establishment Clause claim (Claim 1) must be dismissed without prejudice. None of these grievances can reasonably be read as complaining that the Five State-Sanctioned Faiths Policy unconstitutionally establishes certain religions. The inmates' equal protection claim–which is similarly premised on the State's paying for some chaplains but not Wiccan chaplains–is also unexhausted. This claim, too, must be dismissed without prejudice.

The inmates' free exercise of religion, RLUIPA and California Constitution claims must also be dismissed as unexhausted to the extent they allege that the Five State-Sanctioned Faiths Policy in and of itself burdens the exercise of their religion. These claims, however, cannot be dismissed in their entirety because the inmate plaintiffs have exhausted claims that defendants have deprived them of their right to the free exercise of religion by failing to provide for access to Wiccan clergy, Wiccan services, and Wiccan religious items. Thus, the inmates' claims, as set forth in their exhausted grievances, survive.

The Court's ruling does not mean the Five State-Sanctioned Faiths Policy is irrelevant to this case. First, Reverend McCollum still has his taxpayer Establishment Clause challenge to the Policy; thus, the Court will have to adjudicate the constitutionality of the Policy. Second, to the extent the CDC contends that it cannot provide certain access to Wiccan clergy or services because it does not employ Wiccan clergy, the Policy becomes relevant. How the CDC accommodates other religions may also be relevant to, among other things, whether the CDC is unconstitutionally burdening the Wiccan inmates' practice of their religion.

**B.     Statute of limitations**

Defendants also move to dismiss certain of the inmates' exhausted grievances on the ground that the claims are barred by the statute of limitations. The statute of limitations for the inmates' RLUIPA and California Constitution claims is four years and for the section 1983 claim two years. The allegedly time barred grievances are identified on defendants' Appendix submitted in support of their motion to dismiss.

Plaintiffs respond that the Court cannot consider the grievance forms (relevant to exhaustion) on a 12(b)(6) motion to dismiss. The Court, however, may take judicial notice of the forms and does so here.

Plaintiffs also contend that the statute did not begin to run until the inmates exhausted their Director-Level appeal (at least for those who appealed to the Director). The judicially-noticed documents, however, show that a number of grievances are still time barred even if the statute does not begin to run until the Director-Level denial, including all of inmate Duncan's claims. These barred claims are set forth at pages 7-8 of defendants' Reply.

The Court recognizes, however, that defendants make new arguments in their Reply about the calculation of the statute of limitations with respect to the following grievances: Capogreco grievance No. MCSP-97-00390, Mourland grievance filed on November 20, 2002, and Collins grievance No. SQ-02-1251 submitted April 17, 2002. If plaintiffs in good faith believe that defendants' calculations are erroneous and that claims based on these grievances are not time-barred, plaintiffs shall first meet with defendants in an attempt to

4

resolve the dispute. If, after conferring with defendants, plaintiffs still believe the above three claims are timely, they may file a response to defendants' reply on this issue only. Such response must be filed on or before January 11, 2007.

Plaintiffs' "relation back" and "continuing violation" arguments are meritless. Relation back does not require discussion. The continuing violation doctrine does not apply as the inmate grievances challenge specific incidents of discrimination. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." National R.R. Passenger Corp. v. Morgan, 536 U.S. 10, 109 (2002); see also Porter v. California Dep't. of Corrections, 419 F.3d 885, 891- 92 (9th Cir. 2005). That some of plaintiffs' time-barred claims are "related" to timely claims challenging the treatment of Wiccan inmates is immaterial. Morgan, 536 U.S. at 109.

## C. Individual defendants

The inmate plaintiffs also sue several defendants in their individual capacity (Campbell, Elkins, Hickman, Woodford, Barnes, Smith, Ortega, Bonilla, Johnson, Peraza, Sareli, Kendal, Neinhuis, Williams, Stewart, Richie and Valenzuela). These defendants contend that the Third Amended Complaint does not adequately identify their alleged wrongdoing in their individual capacities.

The TAC does make specific allegations against these defendants. The critical question is whether the allegations are sufficient to state a claim in light of this Court's ruling on this motion to dismiss and the earlier motion to dismiss Reverend McCollum's claims. The Court therefore directs the parties to meet and confer as to which individual defendants should be dismissed in light of the Court's rulings. If the parties cannot reach agreement on all defendants, the individual defendants should make a motion that specifically addresses whether the TAC states a claim against them, but only if the defendants believe such motion will move the case forward. Plaintiffs are encouraged to make claims against defendants in their individual capacities only if there is something tangible to be gained from litigating

5

such claims and plaintiffs believe in good faith the claims could survive a qualified immunity motion.

**CONCLUSION**

Defendants' motion to dismiss the inmates' challenge to the Five State-Sanctioned Faiths Policy is GRANTED.  Consequently, the inmates' facial and as applied Establishment Clause claim (Claim 1) is DISMISSED without prejudice.  The inmates' equal protection claim (Claim 2) is also DISMISSED without prejudice as unexhausted.

The inmates' free exercise of religion, RLUIPA and California Constitution claims are DISMISSED as unexhausted to the extent they are premised on the Five State-Sanctioned Faiths Policy in and of itself.  These claims, however, are not dismissed in their entirety because the inmates have exhausted claims that defendants have deprived them of their right to the free exercise of religion or have burdened the practice of their religion.  The inmates' claims, as set forth in their exhausted grievances, survive.

The Court will rule on the motion to dismiss based on statute of limitations after plaintiffs respond to defendants' new arguments or plaintiffs advise the Court that they do not have a further response.

The parties shall meet and confer as to the claims against the individual defendants as explained above.  If, after meeting and conferring, the individual defendants choose to move to dismiss, such motion shall be filed on or before February 8, 2007.

In sum, the following claims remain in the action:

1. Reverend McCollum's taxpayer standing Establishment Clause claim challenging the Five State-Sanctioned Faiths Policy;
2. Reverend McCollum's equal protection claim based on defendants allegedly treating McCollum less favorably than other authorized ministers;
3. Reverend McCollum's First Amendment retaliation claim; and
4. The inmates' timely free exercise of religion/RLUIPA/California Constitution claims arising from the denial of access to Wiccan clergy, items, and the ability to practice their religion in general.

While the Court will not hear oral argument on the motion to dismiss, the parties are directed to appear for a case management conference at the time scheduled for hearing, that is, 10:00 a.m. on December 14, 2007. The parties should be prepared to discuss how this case should now move forward. It is the Court's impression that a negotiated settlement is not likely until Reverend McCollum's claims, and, in particular, his Establishment Clause claim, are resolved. Accordingly, the Court proposes moving ahead with Reverend McCollum's claims before proceeding with the inmates' claims. The Court welcomes the parties' suggestions at the CMC.

**IT IS SO ORDERED.**

Dated: December 13, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2004\3339\ordereinmatesTAC.frm   7